Nos. 18-3486/3528

FILED
Sep 17, 2018
DEBORAH S. HUNT, Clerk

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

KAMALA BENNETT (No. 18-3486), AVAGAIL SHORT (No. 18-3528),

Objectors-Appellants,

v.

VICKI A. LINNEMAN, et al.,

Plaintiffs-Appellees

VITA-MIX CORPORATION, et al.,

Defendants-Appellees.

O R D E R

Before: GUY, COOK, and WHITE, Circuit Judges.

Objectors Kamala Bennett and Avagail Short separately appeal the final approval of a settlement award in a class action brought by Plaintiffs Vicki A. Linneman and Obadiah N. Ritchey ("Linneman") against Defendants Vita-Mix, Vita-Mix Management, and Vita-Mix Manufacturing Corporations ("Vita-Mix"). Vita-Mix moves to dismiss the appeals because although the district court finally approved a settlement award, its deferred determination on whether the Class Action Fairness Act ("CAFA") governs the settlement or the calculation of attorneys' fees bears directly on these appeals and renders the district court's order non-final. Alternatively, Vita-Mix asks that the appeals be stayed pending a ruling on attorneys' fees to avoid piecemeal litigation on the same issue and the issuance of conflicting decisions by the district court or this court. Linneman opposes both dismissal and a stay. Bennett does not oppose a stay; Short did not respond. Vita-Mix replies.

An order granting final approval to a settlement in a class action is final and appealable. *See Bedolla v. Allen*, No. 16-56621, 2018 WL 2292907, at *1 (9th Cir. May 18, 2018); *Harvey-Burgin v. Sprint/United Mgmt. Co.*, 342 F. App'x 363, 364 (10th Cir. 2009). That an issue is not fully resolved by the appealed order does not divest us of jurisdiction. *See Bedolla*, 2018 WL 2292907, at *2. Here, the district court did not decide whether the agreement was a coupon settlement or if heightened scrutiny applied. Instead, it found that, under either standard, the settlement was fair, adequate, and reasonable. We regularly affirm or reverse on appeal if, under any possibly applicable standard, the result would be the same. *See, e.g.*, *Harris v. City of Circleville*, 583 F.3d 356, 365 (6th Cir. 2009); *see also Henry v. Warner Music Grp. Corp.*, No. 13 Civ. 5031(PGG), 2014 WL 1224575, at *4-5 (S.D.N.Y. Mar. 24, 2014) (deciding not to resolve open CAFA issue when plaintiff could not prevail under either standard of proof).

Nor does the fact that the award of attorneys' fees involves the same issue render the final settlement order non-final. "[A] judgment is final for purposes of appeal although the amount of attorney fees have not been determined." *Morgan v. Union Metal Mfg.*, 757 F.2d 792, 794 (6th Cir. 1985). Some courts have made distinctions on a case-by-case basis regarding finality where an "award of fees . . . is integral to, not collateral to, the decision on the merits." *Id.* at 795. But we do not, having concluded that this approach "best serves the interests of litigants and the court, even though it may occasionally prove harsh." *Id.*

Alternatively, Vita-Mix asks to stay the appeal. It is not clear whether we must reach the issue of the type of settlement entered to dispose of this appeal. And it is merely speculative that the district court and/or this court's decisions would conflict. Regardless, the parties may remedy any conflict by moving for reconsideration or rehearing. Judicial efficiency and economy are also not served by staying the appeal in the absence of any indication of when the district court might rule on the fees issue. Thus, at this juncture, the appeals should not be stayed.

The motions to dismiss and the alternative requests to stay are **DENIED**.

ENTERED BY ORDER OF THE COURT

Deborah S. Hunt, Clerk